UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RUBIE S. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:03-CV-190-TS |
| ) | |
| ANTHONY WAYNE SERVICES, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion to Strike [DE 48], filed on February 4, 2005. The Defendant filed a response on March 11, 2005, and the Plaintiff filed his reply on March 28, 2005.

The Plaintiff moves the Court to strike all exhibits attached to Cathy Publicover's affidavit and paragraphs 3, 5, 6, 7, 9, 11, 12, 13, 15, 16, and 17 of Publicover's Affidavit.

**BACKGROUND**

The Plaintiff, Rubie Lee, is an African-American woman who started working for the Defendant, Anthony Wayne Services, on January 22, 1999. A number of incidents between the Plaintiff and her employer culminated in her dismissal on November 21, 2002.

On May 28, 2002, the Plaintiff, Rubie S. Lee, filed her Complaint in this Court. The Plaintiff filed an amended complaint on January 28, 2004. The Plaintiff alleges that Anthony Wayne Services, her former employer, violated her rights by discriminating against her on the basis of her sex, race, and disability, and by retaliating against her for filing a charge of discrimination with the EEOC. The Defendant filed its Answer to the Plaintiff's Amended Complaint on February 2, 2004.

The Plaintiff abandoned her claim under the Americans with Disabilities Act in her Response to the Defendant's Motion for Summary Judgment. Her charges under Title VII, for retaliatory dismissal and for race and sex discrimination, remain.

Cathy Publicover was hired as the Defendant's Human Resources Manager on June 4, 2001. In July 2002, she became the Defendant's Human Resources Director, a position she still holds.

The Defendant filed a Motion for Summary Judgment on December 15, 2004. As part of its Motion, the Defendant submitted Cathy Publicover's Affidavit. In her Affidavit, Publicover gives her account of the events that led to the Plaintiff's termination and provides a narrative for each of the exhibits, A-M, attached to her Affidavit. These Exhibits consist of a cell phone agreement between the Parties, accounts from the Plaintiff's co-workers about incidents that led to her dismissal, letters to the Plaintiff from management, Employee Disciplinary Reports, the Plaintiff's Final Written Warning, and a Separation from Staff notice documenting the Plaintiff's termination.

**ANALYSIS**

The Plaintiff argues that the aforementioned sections of Publicover's Affidavit and the attached Exhibits should be stricken. As to the Exhibits, the Plaintiff argues: (1) the Defendant has failed to authenticate the documents; (2) each document constitutes inadmissible hearsay and the Defendant has failed to lay the foundation for any exception to the hearsay rule; and (3) many of the subject documents are inadmissible because they contain hearsay within hearsay.

As to Publicover's Affidavit, the Plaintiff argues that Publicover has failed to demonstrate that she has sufficient personal knowledge to testify to these facts. Additionally, the Plaintiff argues that some portions of Publicover's Affidavit should be stricken insofar as they are offered to assert

2

the truth of the Defendant's version of the facts.

**A.      First Argument - Exhibits not Authenticated**

The Plaintiff argues that the exhibits attached to Publicover's Affidavit should be excluded because the Defendant has failed to authenticate them. In its response, the Defendant notes that all of the documents attached to Publicover's Affidavit were part of the Plaintiff's employment file. Furthermore, these documents were produced to the Plaintiff in response to her Request for Production of Documents and were the subject of questioning during the Plaintiff's deposition. The Defendant notes that the Plaintiff neither contests the actual authenticity of the documents contained in her employment file nor suggests that the documents were not made in the regular course and scope of the Defendant's business.

Under Federal Rule of Evidence 901, the requirement of authentication or identification is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims. *Billis v. Chicago Transit Auth.*, 1994 WL 23126, at *3 n.4 (N.D. Ill. Jan. 27, 1994). To be admissible as business records, documents must have sufficient indicia of trustworthiness to be considered reliable. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000).

"**Normally**, to demonstrate such trustworthiness and reliability **at the summary judgment stage**, the party seeking to offer the business record **must attach an affidavit sworn to by a person who would** be qualified to introduce the record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge that the documents were admissible business records." *Id.* However, under certain circumstances, a court may admit documents as business records without requiring a party to authenticate them by affidavit. *Id.* Rules of authentication are

3

not rigid and courts should not be unduly harsh on a party who unintentionally fails to make certain that all technical, non-substantive requirements of execution are satisfied. *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985).

Courts have the discretion to admit business records where the opposing party's attitude of agnosticism is unreasonable. *See Jones v. Gatzambide*, 940 F. Supp. 182, 186 (N.D. Ill.1996). A court may find that such circumstances exist where the party seeking to strike documents has already conceded the accuracy and authenticity of the documents in question, *Id.*, or where the documents were provided during discovery and deposition testimony authenticates the documents, *Traum v. Equitable Life Assurance Society of the United States*, 240 F. Supp. 2d 776, 781 (N.D. Ill. 2002).

In this case, the Plaintiff has not expressed any doubt about the authenticity of these documents. As the Defendant notes, these were made available to the Plaintiff through discovery and were the subject of questioning at the Plaintiff's deposition. More importantly, the transcript from the Plaintiff's deposition shows that she was presented with these documents and she acknowledged their authenticity and that she had seen them previously.

Publicover's Affidavit affirms that she has personal knowledge of the matters set forth in her Affidavit. These matters include each of the Exhibits, which are described and referenced in her Affidavit and attached thereto. The Defendant, which seeks to offer the Exhibits as business records, has submitted an affidavit sworn to by a person who would be qualified to introduce the record at trial. *Woods*, 234 F.3d at 988.

Accordingly, the Court finds that the Defendant—and the Plaintiff—have sufficiently demonstrated the trustworthiness and reliability of the business records submitted as Exhibits to Publicover's Affidavit. For these reasons, the Court denies the Plaintiff's Motion insofar as it seeks

4

to strike these documents because the Defendant has failed to authenticate them.

**B.     Argument that Exhibits are Inadmissible Hearsay**

The Plaintiff also argues that the Exhibits are inadmissible hearsay. The Plaintiff claims that each document constitutes inadmissible hearsay and the Defendant has failed to lay the foundation for any exception to the hearsay rule; and many of the subject documents are inadmissible because they contain hearsay within hearsay.

In response, the Defendant argues that the Exhibits are not hearsay because they are not offered to prove the truth of the matter asserted. Rather, they are presented to establish the Defendant's reasons for taking certain actions against the Plaintiff. The Defendant cites several cases for the proposition that the evidence the Plaintiff seeks to strike is not considered hearsay in employment discrimination cases such as the Plaintiff's.

The Plaintiff argues in her Reply that the evidence shows that the documents in question *are* being offered to assert the truth of the matters asserted and not, as claimed in the Defendant's Response, merely to demonstrate the Defendant's reason for terminating the Plaintiff. The Defendant states, "In every single instance in which [the Defendant] cited and relied on the subject exhibits in its summary judgment brief, it relied on the documents as assertions of the truth of the reasons stated in the documents themselves." (Pl.'s Reply at 5.)

The first issue before the Court is therefore whether the questioned materials contain hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Federal Rule of Evidence 801(a). Courts routinely find that business records in employment discrimination cases are not

5

hearsay because they are submitted for other purposes. For example, personnel files are not hearsay if they are cited to show what information was before the defendant when the plaintiff suffered the adverse employment action. *Traum*, 240 F. Supp. 2d at 781. Documents are also not hearsay where they are not tendered to prove the particulars of their contents, but to help establish that the defendant was motivated, in good faith, to discharge the plaintiff for reasons other than her sex, race, or disability. *Moore v. Sears, Roebuck and Co.*, 683 F.2d 1321, 1322–23 (Ga. Ct. App. 1982).

> Another court in this district stated the matter well in response to a similar issue:
>
> The truth of the complaints and information reported to Ms. Smith during her investigation as reported to Mr. Bryant is not at issue. The court's pretext inquiry focuses on whether the employer honestly believed in the reasons it proffers, rather than on whether the employer made a bad or misinformed employment decision. *Sample v. Aldi, Inc*., 61 F.3d 544, 549 (7th Cir.1995); *Kralman v. Illinois Dept. of Veterans' Affairs*, 23 F.3d 150, 156–57 (7th Cir. 1994); *see also Greenslade v. Chicago Sun-Times, Inc*., 112 F.3d 853, 864–65 (7th Cir. 1997); *Essex v. United Parcel Serv., Inc*., 111 F.3d 1304, 1310 (7th Cir.1997). The information reported by employees to Ms. Smith during her investigation is admissible, not to prove the truth of matters asserted in the reports, but to show Mr. Bryant's state of mind and good faith belief that he terminated Mr. Schmucker because of his inappropriate and intimidating behavior. *See Scherer v. Rockwell Int'l Corp*., 975 F.2d 356, 358 n. 2 (7th Cir.1992).

*Schmucker v. Data-Link Sys., Inc*., 1997 WL 348061, at *7 (N.D. Ind. June 5, 1997). In brief, "[i]n employment discrimination cases, internal documents relied upon by the employer in making an employment decision are not hearsay. Rather, such documents are relevant and admissible because they help explain or may help explain the employer's conduct." *Blanks v. Waste Mgmt. Of Ark., Inc.*, 31 F. Supp. 2d 673, 680 (E.D. Ark., 1998) (citations omitted).

The Plaintiff claims that these holdings are "sound but not germane." (Reply at 5). The Plaintiff argues that the Defendant "has not proffered the subject documents in an effort to *help explain* why it imposed the adverse employment actions it did. Rather, the documents constitute the

6

*only* explanation for why it subjected [the Plaintiff] to the adverse employment actions at issue." *Id.* at 6.

The Plaintiff cites no caselaw in support of this distinction. But, more fundamentally, the Plaintiff ignores the greater context in which these Exhibits and Publicover's Affidavit were submitted. This matter is before the Court on a motion for summary judgment and the Defendant has granted, for the purpose of this motion, that the Plaintiff has made out a prima facie case of discrimination. Therefore, the only issue before the Court is pretext. The Defendant has submitted Publicover's Affidavit and the accompanying Exhibits to support its case that it has a non-discriminatory, legitimate reason for the adverse employment actions the Plaintiff complains of. Because the context makes clear that the Defendant has submitted these documents not to prove the truth of the matters asserted, but instead to help explain the Defendant's conduct, the Exhibits attached to Publicover's Affidavit are not hearsay but are both relevant and admissible.

**C.    Attacks on the Affidavit**

The Plaintiff seeks to strike portions of Publicover's Affidavit on the grounds that Publicover has failed to establish that she has sufficient personal knowledge to testify to these facts and that certain statements are hearsay, insofar as they are offered to prove the truth of the matter asserted.

The Defendant's Response accurately states that the Plaintiff fails to cite any authority for the proposition that a Human Resources Director or Manager, like Publicover, may not testify concerning such matters. Furthermore, as the Court noted earlier, Publicover asserts in Paragraph 1 of her Affidavit that she has personal knowledge of all the matters set forth in her Affidavit.

In reply, the Plaintiff accuses the Defendant of circular reasoning and restates her position

7

that Publicover has not adequately established that she has personal knowledge of these events.

Between Publicover's affirmation in Paragraph 1 of her Affidavit, Publicover's position as the Defendant's Human Resources Manager/Director, and the Plaintiff's acknowledgment that the Affidavit's Exhibits are what they appear to be, there is adequate evidence that Publicover had sufficient personal knowledge relating to the assertions in her Affidavit. Knowing and dealing with disciplinary actions such as those the Plaintiff complains of were certainly part of Publicover's job description. The Plaintiff has not expressed any reason to believe that this is not so.

As to the Plaintiff's other argument, that sections of the Affidavit should be stricken insofar as they are offered to prove the matter asserted, the Plaintiff's objections are answered by what the Court has said in the preceding section. In context, it is clear that Publicover's Affidavit is offered not to prove that the Defendant interpreted and handled each of the incidents with the Plaintiff properly. Rather, they are offered to establish the Defendant's reasons for taking certain actions against the Plaintiff, and ultimately to demonstrate the Defendant's non-discriminatory reason for terminating her.

## CONCLUSION

For these reasons, the Plaintiff's Motion to Strike [DE 48] is DENIED.

SO ORDERED on June 20, 2005.

  S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

8